UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HDEEL ABDELHADY,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGE WASHINGTON UNIVERSITY, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-01334 (TNM) |

### MEMORANDUM ORDER

Hdeel Abdelhady, a law professor and practitioner, fell on a staircase at the George Washington University Law School Campus. She sued her employer, George Washington University (GW) and its workers' compensation insurance administrator, PMA Management Corporation (PMA). The Court dismissed those parties from the case. *See Abdelhady v. Geo. Wash. Univ.*, No. 22-cv-1334, 2022 WL 17364618, at *16 (D.D.C. Dec. 1, 2022). She also sued two companies allegedly contracted by GW to provide facilities services, Aramark Services Incorporated and Aramark Management Services Limited Partnership (together, Aramark). *See* Am. Compl. (Compl.) ¶¶ 6–7, ECF No. 14.

Her litigation continues against Aramark, but, in the meantime, she has moved the Court to enter final judgment as to its Order dismissing GW and PMA from the case. *See* Mot. for Entry of Final J. (Mot. for J.), ECF No. 69. She also asks the Court to order GW to file an unredacted version of an exhibit it filed on summary judgment. *See* Mot. for Order, ECF No. 83. For the reasons explained below, the Court denies the motions.

1

**I.**

The Court previously recounted the facts as alleged, so here it provides only what is necessary. Following a faculty luncheon, Abdelhady fell in a stairwell and was injured. *See* Compl. ¶¶ 9, 14, 29–30. She applied for workers' compensation and received workers' compensation payments from GW, which PMA helped administer on its behalf. *See id.* ¶¶ 99, 123, 145. Abdelhady applied for a formal hearing with the D.C. Department of Employment Services to contest the amount of those payments. *Id.* ¶ 147. Her claim was dismissed for failing to comply with GW's discovery requests. *Id.* ¶ 160. She petitioned for review of that decision with the D.C. Court of Appeals, which the court dismissed for failure to exhaust administrative remedies. *See Abdelhady v. D.C. Dep't of Emp't Servs.*, No. 20-AA-176 (D.C. Feb. 22, 2022). Unsatisfied with those remedies, she continued her struggle against GW in this Court. And she alleged that PMA and Aramark were also liable. In a sprawling Complaint, she brought a bevy of claims, running the gamut from common law negligence to federal racketeering. *See generally* Compl.

GW and PMA moved to dismiss or for summary judgment. The Court granted the motions and dismissed those parties from the case.[1] *Abdelhady*, 2022 WL 17364618, at *16. The Court found that Abdelhady's negligence claim was barred by the D.C. Workers' Compensation Act, and that her other allegations failed to state a claim. *See id.* at *4–15. All

---

[1] Abdelhady moved for an extension of time to file a notice of appeal of that Order. *See* ECF No. 70. The Court will deny it as moot because she has since filed a notice of interlocutory appeal. *See* ECF No. 71. The Court will also deny as moot PMA's request to strike that notice from the docket. *See* ECF No. 74. Abdelhady's notice of appeal is defective and thus does not deprive this Court of jurisdiction. *See Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (D.C. Cir. 2008) ("[W]here the deficiency in a notice of appeal by reason of . . . reference to a non-appealable order . . . is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

that remains is Abdelhady's negligence claim against the Aramark Defendants, which is currently in discovery. Now she asks the Court to enter final judgment as to GW and PMA so that she may appeal this Court's Order dismissing those Defendants without waiting for her claims against Aramark to be resolved. *See generally* Mot. for J.

## II.

Rule 54(b) describes the process for entering final judgment when, as here, a court has disposed of claims against only some defendants. *See* Fed. R. Civ. P. 54(b). A court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Id.* The Supreme Court has cautioned that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Indeed, only "exceptional cases" will qualify for certification under Rule 54(b). *Bldg. Indus. Ass'n of Super. Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998). And typically "the presumption against piecemeal appeals will be sufficient to deny certification." *Advance Am., Cash Advance Ctrs., Inc. v. FDIC*, 251 F. Supp. 3d 78, 81 (D.D.C. 2017) (cleaned up).

Courts conduct this analysis in two steps. First, a court must find "that it is dealing with a final judgment." *Curtiss-Wright Corp.*, 446 U.S. at 7. The order the movant seeks to certify "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (cleaned up). If it is final, the court "must go on to determine whether there is any just reason for delay." *Id.* at 8. At this second step, courts "must take into account judicial administrative interests as well as the equities involved." *Id.* The

former include "the interest of the judiciary in avoiding piecemeal appeals of claims that are not truly 'separable' and the interest of the appellate court in particular of avoiding decision of 'the same issues more than once even if there [are] subsequent appeals.'" *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 44, 46 (D.D.C. 2008) (quoting *id.* at 8–9).

Considering all the relevant factors, certification is not warranted here. Abdelhady passes step one: the Order granting GWU and PMA summary judgment on Count I and dismissing the remaining counts constitutes a final judgment as to each claim. *See Young v. 1st Am. Fin. Servs.*, 191 F.R.D. 1, 2 (D.D.C. 1999) (summary judgment order "amenable to a Rule 54(b) certification"); *Advance Am.*, 251 F. Supp. 3d at 81 n.1 ("Dismissals for . . . failure to state a claim . . . are final orders.").

But Abdelhady stumbles at step two. There are just reasons to delay piecemeal appellate review. The Circuit has established a "rule of thumb" to determine "when different claims are distinct enough to justify the entry of final judgment on only some of them." *Attias v. CareFirst, Inc.*, 969 F.3d 412, 417 (D.C. Cir. 2020). "When the alleged claims are so closely related that they would fall afoul of the rule against splitting claims if brought separately, they do not qualify as 'separate' claims within the meaning of Rule 54(b)." *Id.* (cleaned up). Abdelhady's pending negligence claim "arise[s] from the same transaction and occurrence as" her claims against GW and PMA. *Id.* at 418. So, "[u]nder basic principle of claim preclusion," Abdelhady "could not have litigated to judgment" the action still pending before this Court "and another involving the claims already" adjudicated. *Id.* Thus, Abdelhady "cannot sever the latter claims for an immediate appeal under Rule 54(b)." *Id.* (cleaned up).

More, even if the claims against PMA and GW could be considered separable from her pending negligence claim, the former "rely on an identical nucleus of facts as the remaining

claim[.]" *Advance Am.*, 251 F. Supp. 3d at 81.  So there is "just reason to delay" appellate review because otherwise the Circuit may "need to master the same record twice, and render two opinions instead of one." *Franklin v. District of Columbia*, 163 F.3d 625, 629 (D.C. Cir. 1998). "The avoidance of such piecemeal appeals arising from the same case and implicating the same nucleus of facts is the reason that Rule 54(b) motions are to be granted only sparingly." *Stewart v. Gates*, 277 F.R.D. 33, 37 (D.D.C. 2011).  Finally, Abdelhady points to no true "exceptional" circumstances that would warrant Rule 54(b) certification.  *Bldg. Indus. Ass'n*, 161 F.3d at 745.

### III.

Abdelhady has also moved the Court to order GW to file an unredacted copy of an exhibit attached in support of GW's motion for summary judgment.  *See generally* Mot. for Order.  To establish the applicability of the D.C. Workers' Compensation Act, GW publicly filed a copy of its excess workers' compensation insurance policy.  *See* Insurance Policy, ECF No. 18-6.  GW produced the entire 29-page document, but it redacted the premium rate and estimated total annual manhours.  *See id.* at 9–10.  Abdelhady now claims she has a common law right of public access to an unredacted version of the Insurance Policy.  This is incorrect.

*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the main case she relies on, immediately shows why her request lacks merit.  *Hubbard* "recogniz[ed] this country's common law tradition of public access to *records of a judicial proceeding*."  650 F.2d at 314 (emphasis added).  Abdelhady does not seek a judicial record.  GW never filed an unredacted version of its Insurance Policy.  The Court never relied on an unredacted version.[2]  And "a document [is] not . . . a public record when it does not eventuate in any official action or decision."  *Wash. Legal*

---

[2]  For this reason, the Court rejects Abdelhady's argument that it should order GW to produce an unredacted version in aid of appeal.

*Found. v. U.S. Sent'g Comm'n*, 89 F.3d 897, 905 (D.C. Cir. 1996) (cleaned up).  Still more, Abdelhady waited more than six weeks after GW was dismissed from the case to request an unredacted copy.  Her request is untimely.

Abdelhady seeks a document that is not a judicial record, or in the record at all.  She requests access to something the Court does not have from a party that's not part of this case anymore.  The motion will be denied.

For these reasons, it is hereby

**ORDERED** that Abdelhady's [69] Motion for Entry of Final Judgment is **DENIED**; it is further

**ORDERED** that Abdelhady's [70] Motion for Order to Extend Time to File Notice of Appeal is **DENIED** as moot; it is further

**ORDERED** that Abdelhady's [83] Motion for Order Directing GW to File an Unredacted Copy of Exhibit D is **DENIED**; it is further

**ORDERED** that PMA's [74] Motion to Strike Notice of Appeal is **DENIED**.

**SO ORDERED**.

Dated: February 22, 2023                                                    TREVOR N. McFADDEN, U.S.D.J.