# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HDEEL ABDELHADY,

     *Plaintiff,*

v.

THE GEORGE WASHINGTON UNIVERSITY, *ET AL.*

     *Defendants.*

Case No.: 1-22-cv-01334 (TNM)

**PLAINTIFF'S MOTION TO VOLUNTARY DISMISS ARAMARK DEFENDANTS**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff hereby moves the Court to enter an order dismissing without prejudice this action against Defendants Aramark Services, Inc. ("Aramark Services") and Aramark Management Services Limited Partnership ("Aramark Partnership") (together "Aramark"). In support, Plaintiff states as follows:

## BACKGROUND

1. This multiparty action commenced with the filing of Plaintiff's original complaint on May 14, 2022. ECF No. 1.

2. Aramark Services is an original Defendant, and filed on June 27, 2022 an answer asserting that it is not a proper party and that Aramark Partnership is a proper party. *Id.*

3. Pursuant to the Court's minute order of July 1, 2022, Plaintiff on July 15, 2022 filed Plaintiff's Amended Complaint adding Aramark Partnership as a Defendant. ECF No. 14. Plaintiff asserts two negligence claims against Aramark Services and Aramark Partnership. *Id.*

4. Aramark Partnership filed an answer on July 15, 2022, denying substantially all allegations and asserting the affirmative defenses of contributory negligence and assumption of

1

risk. ECF No. 16. Aramark Services asserts again in its answer to the Amended Complaint that it is not a proper party. ECF No. 6, 15.

5. By the Order dated November 29, 2022, the Court disposed of all claims against The George Washington University and PMA Management Corporation, after prohibiting discovery. ECF No. 63. According to the Court's Memorandum Order of February 22, 2023, the Court interprets the November 29, 2022 Order to have "dismissed from this case" GWU and PMA. ECF No. 87 at 3, 6. Plaintiff's appeal from Order dated November 29, 2022 is pending. *Abdelhady v. The George Washington University et al.*, CADC No. 23-7001.

6. After disposing of all claims against GWU and PMA, this Court on November 30, 2022 issued the first scheduling order in this action, directing Plaintiff and Aramark to filed a joint statement pursuant to LCvR 16.3. ECF No. 64.

7. Plaintiff and Aramark filed a consent motion on January 3, 2023 to continue the January 17 scheduling conference and deadline to file the LCvR 16.3 statement; that motion was denied the day it was filed. ECF No. 72; Min. Order, Jan. 3, 2023. The scheduling conference was held on January 17, 2023. Min. Order, Dec. 16, 2022.

8. Plaintiff and Aramark agreed in their LCvR 16.3 statement to a 12.5-month discovery period, a pretrial conference in May 2024, and to file any dispositive motions no sooner than 30 days after the close of discovery. ECF No. 75.

9. Discovery commenced on January 17, 2023. Aramark emailed to Plaintiff written discovery, and Plaintiff served written discovery on Aramark.

10. On February 22, 2023, Plaintiff filed a request for three subpoenas duces tecum, after being informed by the Clerk's office that district court maintains a "practice" requiring *pro se* parties to request subpoenas from the presiding judge. ECF No. 88. Plaintiff discussed in the

request the bases for the subpoena, filed the subpoenas, and indicated that Plaintiff intends to seek additional subpoenas, including for depositions. ECF No. 88 – 88-3. The Court is aware that Plaintiff is an attorney. Mem. Op., ECF No. 66 ("[Ms.] Abdelhady is practicing member of the D.C. Bar . . . [and her] pleadings are not entitled to the special solicitude that courts ordinarily give to *pro se* parties.").[1]

11. Two of the requested subpoenas, to The George Washington University and PMA Management Corporation, have a production date of March 22, 2023. ECF No. 88-1, 88-2. The third subpoena, to Safety National Casualty Corporation, has a production date of March 17, 2023. ECF No. 88-3. The same production dates are no longer viable.

12. This Court has not acted on Plaintiff's request for subpoenas. On March 1, 2023, Plaintiff inquired by email with Chambers, copying Aramark's counsel, regarding the status of the subpoena request. Chambers confirmed that the presiding judge was aware of the subpoena request and that Chambers would "promptly reach out if the Court requires more information." Presumably, the Court's awareness includes awareness of the subpoenas' production dates.

13. Aramark, to Plaintiff's knowledge, has generated subpoenas without impairment or other burden, as of right under Fed. R. Civ. P. 45.

14. Plaintiff's ability to press her claims against Aramark is impaired by the Court's non-responsiveness, and the delay and other burden associated with an unwritten "practice" that is apparently inconsistent with Rule 45, pursuant to which the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). Effectively, the delay in obtaining the requested subpoenas, or any response on the record from the Court, is a continuation of the Court's prohibition on discovery as to GWU and PMA.

---

[1] Plaintiff did not at any point request the "special solicitude" afforded to non-attorney *pro se* parties.

15. Plaintiff intends at this time to re-file her claims against Aramark Services and Aramark Partnership in state court, without continuation of or additional impairment of Plaintiff's ability to avail of discovery mechanisms.

16. Aramark has indicated to Plaintiff that it wishes to continue this action specifically before the presiding judge, Judge McFadden.

## ARGUMENT

17. Pursuant to Rule 41(a)(1)(B):

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

An action may be dismissed as to some but not all defendants under Rule 41. *Reetz v. Jackson*, 176 F.R.D. 412, 413 n.2 (D.D.C. 1997) ("weight of authority" supports dismissal of some but not all defendants); *accord, Blaize-Sampeur v. McDowell*, No. 05-CV-4275 (JFB) (ARL), 2007 U.S. Dist. LEXIS 47408, at *8 (E.D.N.Y. June 29, 2007) (contrary authority that Rule 41 requires dismissal of entire actions "has been criticized and rejected by courts and commentators alike.").

18. In this Circuit, "'[voluntary] dismissals have generally been granted in the federal courts unless the defendant [that is being dismissed] would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.'" *Reetz*, 176 F.R.D. at 413 (quoting *Conafay v. Wyeth Laboratories*, 793 F.2d 350, 353 (D.C. Cir. 1986)). "A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant 'legal prejudice' based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence

4

by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant." *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 55 (D.D.C. 2012).

19. Voluntary dismissal is proper in this case. Plaintiff is substantially prejudiced by continuing in this district court, impaired in the press of her claims by an unwritten "practice" made more burdensome by this Court's non-responsiveness to Plaintiff's subpoena request.[2]

20. No legal prejudice will result to Aramark from the voluntary dismissal of this action, or from Plaintiff's re-filing of her claims against Aramark. *Conafay*, 253 U.S. 793 F.2d at 353; *Busby*, 841 F. Supp. 2d at 55. Aramark has not pleaded any counterclaim. Plaintiff's case against Aramark is in its infancy, with discovery having commenced less than two months ago. No depositions have been taken. Any written discovery may be used in a future proceeding. No dispositive motions have been filed or will be filed before September 18, 2023, in accordance with the parties' LCvR statement. ECF No. 75.

## CONCLUSION

Voluntary dismissal from this action, without prejudice, of Aramark Services and Aramark Partnership is proper under Fed. R. Civ. P. 41(a)(2), and an order of dismissal should be entered without delay.

---

[2] It is doubtful that a district court has authority to adopt or implement a "practice" that conflicts with the Federal Rules of Civil Procedure; is apparently not published; was informally noticed on an *ad hoc*, need-to-know basis; appears to have been adopted without public notice and opportunity for comment; and, disadvantages one class of litigants. *See* 28 U.S.C. § 2071; Fed. R. Civ. P. 83.

Dated: March 13, 2023                                         Respectfully submitted,


  /s/ Hdeel Abdelhady
Hdeel Abdelhady
1717 Pennsylvania Ave., NW, #1025
Washington, D.C. 20006
(202) 630-2512
habdelhady@mapopllc.com
D.C. Bar No. 483559
*Plaintiff*