IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HDEEL ABDELHADY,<br><br>       *Plaintiff,*<br><br>       *v.*<br><br>THE GEORGE WASHINGTON UNIVERSITY ET AL.<br><br>       *Defendants.* | Case No.: 1-22-cv-01334 (TNM)<br>[CLOSED MARCH 20, 2023] |

**PLAINTIFF'S MOTION FOR RULINGS ON MOTIONS FOR PARTIAL FINAL JUDGMENT AND TO DISMISS COUNT III WITH PREJUDICE**

      Plaintiff respectfully moves the Court for rulings on two of her four unresolved motions and states as follows:

      1.      Plaintiff incorporates by reference the entirety of her motion to reopen this case (No. 122), including its *Exhibit 1* that is also attached here.

      2.      Plaintiff's motion for entry of partial final judgment on the November 29/30, 2022, merits order (No. 63) has been pending for 161 days (No. 112; *Ex. 1*). Related to that motion are four filings: the oppositions filed by The George Washington University and PMA Management Corporation, and plaintiff's replies to each opposition (*Ex. 1*). The last of those replies was filed on July 19, 2024 (No. 118) in accordance with the Local Rules and this Court's July 2 order (Min Order, July 2, 2024).

      3.      Although the merits order, on which plaintiff seeks final judgment, was more complex and consequential than the motion for partial final judgment, it was resolved in less time. The merits order disposed of all eight of plaintiff's claims against GWU, seven of those claims against PMA, and unexpectedly granted PMA summary judgment on Count I of the

Amended Complaint, a claim not pleaded against PMA (No. 63). Related to the merits order, nine filings were submitted (*Ex. 1*). The last was plaintiff's reply to GWU's opposition to her motion to supplement the motion to strike GWU's summary judgment affidavit (No. 59; *Ex. 1*). The Court issued the merits order 130 days after GWU filed its dispositive motions, and 29 days after plaintiff filed the last related submission (*Ex. 1*; Dkt.).

4. The Court resolved plaintiff's first motion for final judgment on the merits order in 57 days (No. 69; Dkt.; *Ex. 1*). In the Memorandum Order denying that motion, the Court indicated that it regarded the merits order as final, including the seven without prejudice dismissals in favor of GWU and PMA, and the unexpected grant to PMA of summary judgment on a count not pleaded against it (Mem. Order, No. 87 at 4).

5. On July 31, 2024, plaintiff filed a motion to dismiss Count III of the Amended Complaint against the Aramark defendants with prejudice (No. 119; *Ex. 1*). That motion is unopposed (Dkt.). Over a year earlier, this Court, on plaintiff's unopposed motion, dismissed the action without prejudice against the Aramark defendants pursuant to Rule 41(a)(2) (Min. Order, Mar. 20, 2023). That order entered seven days after plaintiff moved to dismiss (Dkt.; *Ex. 1*).

6. As plaintiff's August 1, 2022, motion for default against PMA (No. 19) and January 17, 2023 motion for affirmative relief as to PMA (No. 79-1) suggest, motions that remain pending for four or more months, or more than two months after the last related filing, are unlikely to be resolved. The "closed" status of this case increases the risk of recurrence.

For the foregoing reasons, plaintiff respectfully requests that the Court issue rulings on her motions for partial final judgment (No. 112) and to dismiss with prejudice Count III against the Aramark defendants (No. 119).

Dated: December 4, 2024

Respectfully submitted,

/s/ Hdeel Abdelhady
_____
Hdeel Abdelhady
1717 Pennsylvania Ave., NW, #1025
Washington, D.C. 20006
(202) 630-2512
habdelhady@mapopllc.com
D.C. Bar No. 483559
*Plaintiff*