## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HDEEL ABDELHADY**, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-01334 (TNM) |
| **GEORGE WASHINGTON UNIVERSITY**, *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

Hdeel Abdelhady was leaving an adjunct professor appreciation luncheon at George Washington University Law School when she fell down a staircase.  Amended Compl., ECF No. 13, ¶¶ 11, 17–24.  She hurt her head and arm.  *Id.* ¶¶ 17–19.  Her suit seeks damages from four defendants:  the University (GWU); its insurance administrator, PMA Management Corporation; and its facilities services contractors, Aramark Services, Inc. and Aramark Management Services, LP.  *Id.* at 3–4, 68.

Over the past two years, this case has been litigated into procedural spaghetti.  Amid three interlocutory appeals, one of which is pending, and 123 docket entries, the Court now faces four pending motions:  a motion to dismiss Counts I and III of her complaint against the Aramark defendants with prejudice, Pl. Reply Mot. Dismiss, ECF No. 121; a request to enter partial final judgment for Abdelhady's claims against GWU and PMA under Rule 54(b), ECF Nos. 112, 115–16; a motion to reopen the case until receiving a final judgment, Pl. Mot. Reopen

Case, ECF No. 122;[1] and a motion for an order on the first two listed motions, Pl. Mot. for

Order, ECF No. 123.

Much of these motions' verbiage discusses past events in this litigation. *E.g.*, Pl. Mot.

Partial Judgment, ECF No. 112. But the Court trims the fat here. The focus remains on the

procedural history and reasoning relevant to deciding Abdelhady's claims today. Her motions

will be decided as follows: The motion to dismiss Counts I and III with prejudice is granted; the

Rule 54(b) motion is denied; and the motions to reopen and to issue an order are denied based on

the first two holdings. The Court also addresses two other motions that Abdelhady claims have

been pending in Section IV.

As one final note, the Court generally affords special solicitude to *pro se* litigants. But

that policy does not extend to *pro se* lawyers representing themselves, as Abdelhady does.

*Spence v. U.S. Dep't of Veterans Affairs*, 109 F.4th 531, 538 & n.1 (D.C. Cir. 2024); *see also*

*Penkoski v. Bowser*, 548 F. Supp. 3d 12, 19–20 (D.D.C. 2021). She is a practicing member of

the D.C. Bar. Mem. Op., ECF No. 62, at 5. Throughout the reasoning below, the Court construes

Abdelhady's arguments as it would any counseled party.

## I.

To begin, the Court considers whether it has jurisdiction over her motions after

Abdelhady made a third interlocutory appeal to the D.C. Circuit.

She first appealed this Court's minute order sealing just one of her medical exhibits in

2022. *See* Min. Order 9/26/2022. The D.C. Circuit vacated and remanded that order with

instruction that this Court consider the *Hubbard* factors fully. Mandate of USCA, ECF No. 99.

---

[1] The Court denies this motion as moot because it renders a final judgment on Counts I and III against Aramark. Her motion requests reopening the case until the "entry of a final judgment or the occurrence of another final event." Pl. Mot. Reopen Case, ECF No. 122, at 3.

The Court did so, granting in part her request to seal more medical documents.  Order, ECF No. 100.  Now, she has appealed this Court's sealing order again.  Not. Appeal, ECF No. 110.

Throughout, Abdelhady has attempted to shoehorn this Court's order on the merits into her sealing appeals.  Shortly after she filed her first sealing appeal, this Court dismissed some claims and entered summary judgment for all others against the GWU and PMA defendants.  Mem. Op. (Mem. Op. MTD/MSJ), ECF No. 62.  Abdelhady amended her pending notice of appeal to include that merits decision as to GWU and PMA.  Not. Interlocutory Appeal, ECF No. 71.  She also asked this Court to render its order against GWU and PMA final under Rule 54(b) for appeal.  Pl. Mot. Partial Judgment, ECF No. 69.  The Court denied her motion because her pending claims against the Aramark defendants "ar[ose] from the same transaction and occurrence."  Mem. Order, ECF No. 87, at 4.  In response, Abdelhady voluntarily dismissed her remaining claims against the Aramark defendants and filed amended notices of appeal.  Min. Order 3/20/2023 (granting voluntary dismissal); Second Amend. Not. Appeal, ECF No. 95.

The D.C. Circuit nonetheless dismissed Abdelhady's first attempt to appeal the merits order for lack of jurisdiction.  Mandate of USCA, ECF No. 97.  The order was not final and appealable because it did not "dispose of all claims against all parties."  *Id.*  Her voluntary dismissal of the Aramark defendants did not engineer finality because those claims were dismissed without prejudice.  *Id.* (citing *Blue v. District of Columbia Pub. Schs.*, 764 F.3d 11, 17–18 (D.C. Cir. 2014)).  Voluntary dismissals at the plaintiff's request must be done with prejudice to be final and appealable.  *Blue*, 764 F.3d at 17–18.  The D.C. Circuit thus only resolved her sealing appeal.  Mandate of USCA, ECF No. 99.

Now, Abdelhady is trying the same tack again.  Her second record-sealing appeal ostensibly included only this Court's new sealing order issued after remand.  Not. Appeal, Doc.

2058377, *Abdelhady v. George Washington Univ.* (No. 24-7090) (D.C. Cir. June 7, 2024). But then when she designated the "underlying decisions from which appeal arises," she filed *both* the sealing order *and* the merits order whose appeal had already been dismissed for lack of jurisdiction. Underlying Decisions at 1–2, Doc. 2063546, *Abdelhady v. George Washington Univ.* (No. 24-7090) (D.C. Cir. July 8, 2024). The D.C. Circuit unsurprisingly dismissed her appeal "insofar as appellant seeks review" of the GWU and PMA merits order. Order, Doc. 2078798, *Abdelhady v. George Washington Univ.* (No. 24-7090) (D.C. Cir. Oct. 8, 2024). Because the prior panel had dismissed the order for lack of jurisdiction, that holding became the law of the case. *Id.* The sealing issue remains pending on appeal for the second time. *Id.* Abdelhady now returns to this Court asking, once again, for a Rule 54(b) order from this Court rendering the claims against GWU and PMA finally decided. Pl. Mot. Partial Judgment, ECF No. 112. She again would like to include that merits order in her second sealing appeal. *Id.*

Key to this Court's current jurisdiction is the D.C. Circuit order's final line: "The Clerk is directed to withhold issuance of the mandate herein until resolution of the remainder of the appeal." Order, Doc. 2078798, *Abdelhady v. George Washington Univ.* (No. 24-7090) (D.C. Cir. Oct. 8, 2024). Normally, the filing of a notice of appeal, including an interlocutory appeal, "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). The district court usually "does not regain jurisdiction over those issues until the court of appeals issues its mandate." *Id.* But there are a "few narrow exceptions to this rule, such as where the defendant . . . takes an interlocutory appeal from a non-appealable order." *Id.* at 1302–03. The D.C. Circuit has already held *twice* that the GWU and PMA merits order is a non-appealable order. Order, Doc. 2078798, *Abdelhady v. George Washington Univ.* (No. 24-

7090) (D.C. Cir. Oct. 8, 2024); Mandate of USCA, ECF No. 97.  Thus, this Court may exercise jurisdiction over the merits order because Abdelhady appealed a non-appealable order.  *DeFries*, 129 F.3d at 1302–03.

The D.C. Circuit withholding its mandate dismissing the merits order as non-appealable does not change this conclusion.  *Abdelhady*, Order, Doc. 2078798 (D.C. Cir. Oct. 8, 2024).  Under *DeFries*, an appeal from a non-appealable order is defective and does not transfer jurisdiction to the appellate court.  *DeFries*, 129 F.3d at 1302–03.  Because Abdelhady's appeal was defective at the start, jurisdiction never shifted from this Court.  The *DeFries* panel did not differentiate between courts acting after a notice of appeal and acting before the mandate issues, so this Court will not either.

Finally, this Court has held already that it has jurisdiction in this situation.  While Abdelhady's first failed merits-order appeal was pending, this Court exercised jurisdiction to decide her first Rule 54(b) motion asking for finality on the merits order because the order was "non-appealable" under the D.C. Circuit exception.  Mem. Op. MTD/MSJ at 4 n.2; Mem. Order, ECF No. 87.  This Court denied Rule 54(b) relief for the merits order that was pending on appeal.  Mem. Order, ECF No. 87.  The merits order's non-appealability has always been "clear."  *Id.* at 2 n.1.

But this jurisdiction also has clearly circumscribed contours.  The D.C. Circuit retains jurisdiction over the sealing order and all "aspects of the case" pending before it.  *DeFries*, 129 F.3d at 1302.  None of Abdelhady's pending motions before this Court address the sealing issue currently before the D.C. Circuit.  So the Court proceeds, exercising federal jurisdiction based on diversity jurisdiction, 28 U.S.C. § 1332, and the federal question statute, 28 U.S.C. § 1331.

## II.

First, the Court grants Abdelhady's unopposed motion to dismiss Counts I and III against the Aramark defendants with prejudice.  Pl. Mot. Dismiss, ECF No. 119; Pl. Reply Mot. Dismiss, ECF No. 121, at 4 (requesting dismissal of Count I as well).  The Court already dismissed her claims against the Aramark defendants without prejudice.  Min. Order 3/20/2023. She now re-invokes Rule 41, which allows this Court to grant voluntary dismissal *with prejudice* "at the plaintiff's request" "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2). Recall that the D.C. Circuit dismissed her merits-order appeal under the *Blue* rule, which holds that a plaintiff may not voluntarily dismiss some of her claims without prejudice to engineer finality for appellate jurisdiction; instead, a litigant must obtain a partial final judgment under Rule 54(b) over the claims she wants to appeal, dismiss the non-final ones with prejudice, or litigate the entire case to final judgment.  *Robinson-Reeder v. Am. Council on Educ.*, 571 F.3d 1333, 1340 (D.C. Cir. 2009).  After the panel decision in *Blue*, the district court granted an almost identical Rule 41 motion to dismiss with prejudice on remand.  *Blue v. District of Columbia Pub. Schs.*, 1:10-cv-01504, Min. Order Nov. 26, 2014 (D.D.C.); *cf. Robinson-Reeder v. Am. Council on Educ.*, 1:07-cv-0880, Order, ECF No. 58 (entering a Rule 54(b) order on remand) (D.D.C. 2009).[2]  So too here.

No defendant opposes Abdelhady's motion.  GWU Opp. Mot. Dismiss, ECF No. 120. But George Washington University files a response "seek[ing] clarification whether the relief sought therein would resolve all of Plaintiff's Claims against Aramark with prejudice" because Counts VI and VII against Aramark were merely withdrawn, not dismissed with prejudice.  *Id.* at

---

[2] In neither case did the district court formally reopen the case before granting the Rule 41 dismissal with prejudice. The Court thus denies her motion to reopen because it is not required for her Rule 54(b) or Rule 41 relief.  *See infra* Section V.

6

1.  Abdelhady claims that GWU's response should be disregarded because (1) it requests an advisory opinion that is irrelevant to her Motion to Dismiss and (2) it seeks to file a second opposition to her partial final judgment motion seeking finality (again) as to her claims against GWU and PMA.  Pl. Reply Mot. Dismiss, ECF No. 121, at 4–5.

Abdelhady's attack on GWU's response is much ado about nothing.  This Court need not consider a motion conceded even if a defendant fails to respond.  Local Civ. R. 7(b) ("If such a[n] opposition] memorandum is not filed within the prescribed time, the Court *may* treat the motion as conceded.").  More, the sin of requesting an advisory opinion would be shared equally between GWU's response and her reply; if the Court disregards one, it should also ignore the other.  Still, this Court agrees that GWU's observations about Counts VI and VII against Aramark are relevant to the Rule 54(b) motion, addressed below, rather than to her Motion to Dismiss Counts I and III.  Pl. Reply Mot. Dismiss, ECF No. 121, at 1.  The Court could let Abdelhady win her point and disregard both briefs.  But, in the interest of resolving the issue fully and fairly, the Court will consider both responses as sur-replies to the Rule 54(b) motion. The arguments within will be considered alongside the rest of the briefing on Rule 54(b).

### III.

Next, the Court addresses Abdelhady's main concern in her recent spate of motions: Finality for appeal.  She asks this Court to enter final judgment for its merits order disposing of her claims against PMA and GWU.  Pl. Mot. Partial Judgment, ECF No. 112, at 1–2, 44; Mem. Op. MTD/MSJ.  Recall that this Court already said that she could not partially finalize just the GWU/PMA merits order for appeal.  Mem. Order, ECF No. 87.  Similarly, the D.C. Circuit has said twice that her entire case is not yet "final" for appeal, even though she has tried to appeal this non-final GWU/PMA merits order repeatedly.  *See supra* Section I.  Abdelhady hoped that

her dismissal of Counts I and III against Aramark with prejudice would enable this Court to grant her partial final judgment over the hard-fought GWU/PMA merits order. But still, she cannot satisfy the basic requirements of Rule 54(b) that governs partial final judgments.[3] Her request is denied.

First, an overview of Rule 54 is in order. The Rule allows a court to enter final judgment for "one or more, but fewer than all, claims or parties" to allow litigants to appeal those claims early. Fed. R. Civ. P. 54(b). This process is called certifying claims for appeal. The Court may certify individual claims for appeal if it "expressly determines that there is no just reason for delay" to wait until the entire case is final. *Id.* The reason that parties either must wait for whole-case finality or get discrete claims certified for appeal is that any individual claim's final judgment can be revised at any time until the entire case is final. *Id.* So a plaintiff still must request certification on claims even if she has a final judgment.

Only "exceptional cases" will qualify for Rule 54 relief. *Bldg. Indus. Ass'n of Super. Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998). Typically, "the presumption against piecemeal appeals will be sufficient to deny certification." *Advance Am., Cash Advance Ctrs., Inc. v. FDIC*, 251 F. Supp. 3d 78, 80 (D.D.C. 2017). Overusing Rule 54 can improperly force appellate courts to "master the same record twice"—after all, the Rule is an exception to the general principle that a "party is entitled to a single appeal, to be deferred until final disposition of the case." *Franklin v. District of Columbia*, 163 F.3d 625, 629 (D.C. Cir. 1998).

---

[3] Perhaps one could construe Abdelhady's Rule 54(b) motion as a Rule 60 Motion to Reconsider the Court's prior order denying Rule 54(b) relief. The case is closed and this is Abdelhady's second motion for Rule 54 relief, filed well over a year after her first was denied. Mem. Order, ECF No. 87. Rule 60 allows reconsideration motions to be filed beyond a year after the order was entered for three reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6), (c)(1). But because the Court finds that Abdelhady's motion "should not be granted even under the more flexible standard of Rule 54(b)," "the Court need not determine whether the motion should properly have been brought under Rules 59(e) or 60(b)." *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 23–24 (D.D.C. 2007) (cleaned up). GWU's arguments lamenting Abdelhady's delay in bringing this second Rule 54(b) motion thus are unpersuasive given Rule 60's generous timeline. GWU Opp. Mot. Partial Judgment, ECF No. 115.

Courts conduct the Rule 54(b) analysis in two steps.  First, a court must find "that it is dealing with a final judgment" for each claim that the litigant wants to appeal.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  Second, courts "must take into account judicial administrative interests as well as the equities involved" before certifying claims for appeal.  *Id.* at 8.  This latter prong considers the relationship between the "certified and uncertified claims and the potential for multiple appeals on the same issues."  *Attias v. CareFirst, Inc.*, 969 F.3d 412, 417 (D.C. Cir. 2020).  The D.C. Circuit has described a "rule of thumb" to determine "when different claims are distinct enough to justify the entry of final judgment on only some of them."  *Id.*  "When the alleged claims are so closely related that they would fall afoul of the rule against splitting claims if brought separately, they do not qualify as separate claims within the meaning of Rule 54(b)."  *Id.* (cleaned up).  Claim splitting relies on "basic principles of claim preclusion."  *Id.*

The first prong of the analysis falls in line easily.  This Court has already held that its order disposing of several claims against GWU and PMA was final.  Mem. Order, ECF No. 87, at 4.  So the Court must analyze the second prong: the relationship between the "certified and uncertified claims."  *Attias*, 969 F.3d at 417.

The following table summarizes all of Abdelhady's claims' finality, including her now-dismissed-with-prejudice claims against Aramark.

| Count[4] | Pleaded Against | Claims Disposed by the Court | Claims Disposed by Plaintiff[5] | Does the Claim Have a Final Judgment? |
|---|---|---|---|---|
| **I. Negligence** | GWU | Summary Judgment | | Yes |
| | Aramark | | Dismissed with prejudice | Yes |
| **II. RICO, 18 U.S.C. § 1964** | GWU | Dismissed without prejudice | | Yes |
| | PMA | | | Yes |
| **III. Negligent Infliction of Emotional Distress** | GWU | Dismissed without prejudice | | Yes |
| | PMA | | | Yes |
| | Aramark | | Dismissed with prejudice | Yes |
| **IV. Fraudulent Misrepresentation** | GWU | Dismissed without prejudice | | Yes |
| | PMA | | | Yes |
| **V. Fraud** | GWU | Dismissed without prejudice | | Yes |
| | PMA | | | Yes |

---

[4] Amend. Compl. at 55–68; Mem. Op. MTD/MSJ (granting summary judgment and dismissal on various claims against GWU and PMU); *supra* Section II (granting the plaintiff's request to dismiss Counts I and III against Aramark with prejudice).

[5] Abdelhady's Counts VI and VII have been voluntarily withdrawn without prejudice. Pl. Opp. Mot. Dismiss, ECF No. 25-1, at 32–33 & n.6; Mem. Op. MTD/MSJ at 13 n.7 (acknowledging withdrawal for these two Counts). She explicitly requested that Count VII, Gross Negligence, be "dismissed without prejudice." Pl. Opp. Mot. Dismiss, ECF No. 25-1, at 32–33 & n.6. For Count VI, Negligence per se, she said that she was "amenable to withdrawing it," "but maintain[ed] her right to seek negligence *per se* in all available forms as evidence of negligence as premised under the D.C. Pattern Jury Instructions." *Id.* Because the default in the D.C. Circuit is dismissal without prejudice, the Court must so construe this ambiguous dismissal. *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) ("Dismissal with prejudice is the exception, not the rule, in federal practice because it operates as a rejection of the plaintiff's claims on the merits and ultimately precludes further litigation of them.") (cleaned up).

| | | | | |
|---|---|---|---|---|
| **VI. Negligence per se** | GWU | | Withdrawn without prejudice | No |
| | PMA | | | No |
| | Aramark | | | No |
| **VII. Gross Negligence** | GWU | | Withdrawn without prejudice | No |
| | PMA | | | No |
| | Aramark | | | No |
| **VIII. Tortious Inducement of Breach of Fiduciary Duty** | GWU | Dismissed without prejudice | | Yes |
| | PMA | | | Yes |
| **IX: Abuse of Process** | GWU | Dismissed without prejudice | | Yes |
| | PMA | | | Yes |
| **X: Section 1983** | GWU | Dismissed without prejudice | | Yes |
| | PMA | | | Yes |

There are three types of claims here:  counts against GWU and PMA decided in the Court's merits order; counts against Aramark dismissed with prejudice today; and counts withdrawn without prejudice.

The third group of withdrawn-without-prejudice claims ensures that Rule 54(b) applies in the first place.  As discussed, a plaintiff's voluntary dismissal without prejudice generally is not final for appeal.  *Blue*, 764 F.3d at 17–18.  In contrast, a district court's dismissal without

prejudice *is* final for appeal. *Ciralsky v. CIA*, 355 F.3d 661, 668 (D.C. Cir. 2004). The Court treats Abdelhady's withdrawn claims like those dismissed voluntarily without prejudice for appellate finality purposes. At least two circuits have done so. *Fed. Home Loan Mortg. Corp. v. Scottsdale Ins.*, 316 F.3d 431, 438 (3d Cir. 2003); *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017); *but see McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 350 (5th Cir. 2004) ("[A] decision is final if the only claims not disposed of by the district court were abandoned."). So, because her withdrawn claims are withdrawn without prejudice, the case is not final overall, and Abdelhady needs the Court to certify some of her claims to appeal. Rule 54(b) applies here. If her withdrawn claims had been dismissed with prejudice, the whole case might be final for appeal without operation of Rule 54(b). But that is not the situation at bar.

For the Rule 54(b) analysis, the dispositive distinction is between two groups of claims: Those Abdelhady seeks to certify and those she does not. Recall that she seeks to certify one group of claims: counts against GWU and PMA in the Court's merits order. She wants to leave behind two other groupings of claims: counts dismissed with prejudice against Aramark and her withdrawn-without-prejudice counts. Analyzing certified versus not certified claims will compare the first group with the other two groups together.

The Court must assess whether "basic principles of claim preclusion" could have prevented Abdelhady from litigating those two sets of claims to final judgment separately. As the Court has held before, the answer is yes. The D.C. Circuit has been clear that claim preclusion applies when two claims "share the same nucleus of facts." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (cleaned up). And it clarified in *Drake* that the "same nucleus of facts" involved the "central events" that had "taken place at the time." *Id.* In other words, "[c]laims aris[ing] from the same transaction and occurrence" cannot be "sever[ed]" under Rule 54(b).

*Attias*, 969 F.3d at 418.  Differing legal theories are not relevant to the claim preclusion question, though they may be relevant to an issue preclusion analysis.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (distinguishing between *claim* and *issue* preclusion: "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." (cleaned up)).  A litigant may not complain about the same transaction or occurrence against the same parties with a different legal theory and expect to avoid claim preclusion.

Abdelhady's claims in both the certified and uncertified groups concern the same accident and its investigatory aftermath.  *See* Amend. Compl. at 63–64 (withdrawn Count VII alleging gross negligence against all defendants because they "recklessly endangered" Abdelhady with their behavior before, during, and after the accident); *id.* at 55 (alleging in now-dismissed Count I that Aramark was negligent in maintaining the staircase on which the plaintiff fell); Mem. Op. MTD/MSJ at 18–19 (dismissing a negligence claim about the accident and subsequent worker's compensation process).  For example, her withdrawn Count VI alleges negligence per se against all defendants for their failure to comply with the D.C. Workers' Compensation Act.  Amend. Compl. at 63.  Count V, which she seeks to certify, alleges fraud for "false representations of material facts" when GWU and PMA "proffered" that they were "in compliance with the D.C. Workers' Compensation Act."  *Id.* at 62.  It seems nearly impossible to split hairs factually between these claims.

The complaint even alleges *the same facts* for claims that a partial final judgment would split apart.  Abdelhady alleged Count I against GWU and Aramark, using the same facts for both.  Amend. Compl. at 55–56, ¶¶ 296–302.  But her desired partial final judgment would certify Count I only against GWU and not against Aramark.  The same is true of Count III

pleaded against all three defendants; certification would appeal the same claim, with the same facts, against GWU and PMA but leave Aramark to the side. *Id.* at 60, ¶¶ 318–22. The point of Rule 54 is allowing judgment as to "fewer than all the parties." Fed. R. Civ. P. 54(b). But splitting across parties does not suffice when exactly the same "transaction or occurrence"—the same facts—are at issue.

Abdelhady tries to distinguish her two sets of claims by pointing to legal differences. Pl. Reply Mot. Dismiss, ECF No. 118, at 3–5. For example, she points to a statement in this Court's merits order that she says confirms Aramark's separateness: "Aramark's liability as an alleged independent contractor is not before the Court, and the extent of that liability is unrelated to the [workers' compensation statute]'s application to Defendants [GWU and PMA]." Mem. Op. MTD/MSJ at 30. But this statement addresses the agency relationship between the two defendants—a legal theory, not a factual distinction. Presenting the same parties and the same facts with a different legal theory cannot save a litigant from claim preclusion. *Attias*, 969 F.3d at 418. She also argues that the legal theories supporting the Court's motion-to-dismiss Counts I and III against GWU and PMA would not apply to Aramark. Pl. Reply Mot. Partial Judgment, ECF No. 118, at 4. This assertion fails for the same reason as the first.

Abdelhady's only factual attempt at distinction: The three defendants engaged in different intentional acts, so this Court should split the factual nexus along those lines. Pl. Reply Mot. Partial Judgment, ECF No. 118, at 6. But this argument also loses because again, her certified and uncertified claims run against the same parties. For example, withdrawn Counts VI and VII, incorporating *all three defendants'* "actions" recited throughout the complaint, necessarily involve the same actions as those she tries to certify against GWU and PMA. Amend. Compl. at 63–64.

Critically, Abdelhady also does not allege that any of the underlying facts had not taken place at the time of her filing. Even the most recent procedural facts about her Workers' Compensation Act proceedings are included in her Amended Complaint. *E.g.*, Amend. Compl. at 58–59. All "central events" had "taken place at the time" of suit. *Drake*, 291 F.3d at 66.

She contends that if this Court denies partial final judgment, the D.C. Circuit will have to "master" the record twice because she will be unable to include the merits order in her pending sealing appeal. Pl. Reply Mot. Partial Judgment, ECF No. 118, at 9–10. But the argument ignores that there would remain a set of un-appealed claims that are factually enmeshed with the appealed claims in the merits order. This Court is tasked with evaluating whether the Rule 54(b) standard can be satisfied by looking at the remaining claims below.

Finally, Abdelhady argues that PMA's response to her motion for partial final judgment should be disregarded. Pl. Reply Mot. Partial Judgment, ECF No. 117, at 1–4. PMA entered a short response "adopt[ing]" GWU's opposition to Abdelhady's Rule 54(b) motion. PMA Opp. Mot. Partial Judgment, ECF No. 116. Abdelhady claims that this is procedurally improper because Rule 10 only allows statements in "pleadings" to be "adopted by reference" in any other motion. Fed. R. Civ. P. 10(c). Rule 7 defines "pleadings" exhaustively and narrowly; an opposition to a motion for partial final judgment is not included. Fed. R. Civ. P. 7(a) ("Only these [listed] pleadings are allowed . . . ."); *Gates v. Syrian Arab Republic*, 646 F.3d 1, 5 (D.C. Cir. 2011) ("A motion is not a pleading . . . [because] Rule 7(a) does not include a 'motion' in its list of documents considered 'pleadings.'"). So Abdelhady is right that PMA's response may not incorporate GWU's opposition by reference and, standing alone, it offers little in the way of argument. *Cf. Ortiz v. New Mexico*, 550 F. Supp. 3d 1020, 1078 (D.N.M. 2021) (accepting an argument that incorporating a post-hearing brief by reference is improper under Rule 10). But

this does not mean the motion is conceded, both because GWU has opposed effectively and because the local rule about concession is permissive. This Court need not treat the motion as conceded. Local Civ. R. 7(b).

## IV.

Lastly, Abdelhady says that two other pending motions require decision. Pl. Mot. Reopen Case, ECF No. 122, at 1–3. The Court denies both.

The first was an "Affidavit of Default" requesting default judgment against PMA, filed on August 1, 2022. Pl. Aff. Default, ECF No. 19. Abdelhady claimed that PMA had missed its answer deadline on July 1. *Id.* at 1–2. But Abdelhady had just filed an amended complaint on July 15, 2022, so that kicked PMA's answer deadline another 60 days. Amend. Compl. PMA filed an extension request on August 4. PMA Mot. Extension, ECF No. 21. This Court granted it, extending the time to answer until August 17. Min. Order 8/4/2022. PMA filed its first dispositive motion early, on August 11. PMA Mot. Dismiss, ECF No. 23. Abdelhady filed for reconsideration of this Court's Minute Order granting PMA's extension. Pl. Mot. Reconsideration, ECF No. 22; PMA Opp. Mot. Reconsideration, ECF No. 24. This Court denied the motion for reconsideration in its merits order on several claims against GWU and PMA. Mem. Op. MTD/MSJ at 4 n.3. The Affidavit of Default never could, and still cannot, be granted for two reasons. First, Abdelhady's own amended complaint mooted her reason for default because it extended PMA's purportedly missed deadline. Second, this Court granted PMA an extension of time and denied her motion to reconsider it, which also mooted her reason for default. It is denied.

Second, Abdelhady submitted a motion demanding that PMA file certain statements. Pl. Mot. Relief, ECF No. 79-1, at 23–25. She filed well after the Court had dismissed PMA from

the case by either dismissing or granting summary judgment on all active claims against it. Mem. Op. MTD/MSJ.  PMA opposed her request.  PMA Opp. Mot. Relief, ECF No. 84.  Rules 34, 7.1, and 26.1 all require discovery and certificates of disclosure—items Abdelhady sought— from parties to the case.  Fed. R. Civ. P. 7.1, 26.1, 34.  The motion is thus denied.

**V.**

For all these reasons, Plaintiff's Motion to Dismiss Counts I and III with prejudice is GRANTED; the Plaintiff's Motion for Entry of Final Judgment is DENIED; the Plaintiff's Motion to Reopen and Motion for Order are DENIED; the Plaintiff's Affidavit of Default and Motion for Affirmative Relief are DENIED.

Dated: February 25, 2025

_____
TREVOR N. McFADDEN
United States District Judge